IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH BOURGEOIS | CIVIL ACTION |
| Versus | NO: 11-2787 |
| EXXON MOBIL CORPORATION, ET AL. | SECTION: "F" |

ORDER & REASONS

Before the Court is the defendants' motion to dismiss plaintiff's amended medical monitoring claim. For the reasons that follow, the defendants' motion is GRANTED, and plaintiff's medical monitoring claim is dismissed with prejudice.

## I. Background

Plaintiff Joseph Bourgeois sued several oil companies in Louisiana state court on November 9, 2011, for damages in connection with oil pipe cleaning that the defendants asked plaintiff's employer, Bredero Price, Inc., to perform. Plaintiff asserts that the oil pipes he cleaned contained "hazardous toxins and carcinogenic radioactive materials commonly referred to as 'naturally occurring radioactive material, or NORMS.'" Although plaintiff does not state exactly when he cleaned the defendants' pipes, he refers to 1996 through 1998 as the years he worked at Bredero Price. Plaintiff claims that the defendants knew about the radioactive material in the oil pipes, but failed to notify plaintiff's employer, or plaintiff himself. He contends that because he did not know of the presence of radioactive material

1

in the pipes he was cleaning, he became exposed to dangerously high levels of radiation during his work, and he now has a higher than average chance of developing cancer.

Plaintiff brought claims of negligence and strict liability under Louisiana law, and defendants removed the case to this Court. Plaintiff seeks general damages for increased risk of cancer, general damages for fear of cancer, and special damages for medical monitoring for the early detection of cancer.

On November 16, 2011, Chevron moved to dismiss plaintiff's medical monitoring claim for failure to state a claim for which relief can be granted. The other oil company defendants also moved to dismiss, adopting Chevron's initial motion and memorandum in support. By Order and Reasons dated December 8, 2011, the Court granted the defendants' motion, and allowed the plaintiff 14 days to amend his complaint. In its Order and Reasons, the Court stated:

> Further, the plaintiff fails to plead facts which bear directly on the <u>Bourgeois I</u> factors. True, plaintiff's general allegations might reflect the <u>Bourgeois I</u> factors, plaintiff makes no mention of what type of monitoring he is looking for, who prescribed him the monitoring, or what the efficacy of the monitoring might be.

The plaintiff timely filed an amended complaint. Defendants now move to dismiss the amended medical monitoring claim, arguing that it still fails to state a claim for which relief can be

granted. The Court agrees.

## II. Analysis

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

Plaintiff's amended complaint fails to state a medical monitoring claim for which relief can be granted. Having affirmed that his amended claim is based on Bourgeois v. A.P. Green Indus., 716 So. 2d 355 (La. 1998) (Bourgeois I),[1] the

---

[1] To satisfy the Bourgeois I test, a plaintiff must show: (1) Significant exposure to a proven hazardous substance, (2) As a proximate result of this exposure, plaintiff suffers a significantly increased risk of contracting a serious latent disease, (3) Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he or she not been exposed and (b) the chances of members of the public at large of developing the disease, (4) A monitoring procedure exists that makes the early detection of the

plaintiff fails to state what kind of monitoring regimen he seeks, and which qualified physician – if any – prescribed it. Instead, plaintiff generically pleads that "a monitoring procedure exists, and existed at the time of exposure, in the form of the medical monitoring protocol which plaintiff seeks as an element of damage and which is effective for the early detection of cancer." As the United States Supreme Court made clear in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), a complaint which "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> Without this information, the plaintiff fails to address the fourth and fifth factors of the <u>Bourgeois I</u> analysis.[2] The plaintiff has had ample opportunity

---

disease possible, (5) The monitoring procedure has been prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles, (6) The prescribed monitoring regime is different from that normally recommended in the absence of exposure, (7) There is some demonstrated clinical value in the early detection and diagnosis of the disease. <u>Bourgeois v. A.P. Green Indus.</u>, 716 So. 2d 355, 360-61 (La. 1998).

[2] Another section of this Court recently considered a motion to dismiss in a virtually identical case. <u>See</u> <u>Hill v. Exxon Mobil Corp.</u>, No. 11-2786, 2012 U.S. Dist. LEXIS 12470 (E.D. La. Feb. 12, 2012) (Vance, J.). The Court dismissed the plaintiff's claim for medical monitoring, finding that the plaintiff had not satisfied the <u>Bourgeois I</u> test because he failed to "indicate what type of monitoring he seeks, who has prescribed the monitoring procedure, whether the monitoring is reasonably necessary, or whether the monitoring regime is different from that typically recommended in the absence of exposure." <u>Id.</u> at

4

to amend his claim to remedy the pleading deficiencies the Court specifically identified in its December 8, 2011 Order and Reasons.  Plaintiff has failed to do so.

Accordingly, IT IS ORDERED: the defendants' motion is GRANTED and plaintiff's claim for medical monitoring is dismissed with prejudice.

New Orleans, Louisiana, February 16, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

8.